UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN THOMAS,<br>        Petitioner,<br><br>    v.<br><br>CALIFORNIA BOARD OF PRISONS AND PAROLE HEARINGS, et al.,<br><br>        Respondents | Case No. 14-cv-02194-JSC<br><br>**ORDER OF TRANSFER**<br><br>Dkt. Nos. 5, 6 |

Petitioner, a California prisoner proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] The petition raises two claims. The first claim is that prison officials and officials of the California Board of Parole Hearings ("BPH") have incorrectly designated him with an "R suffix" based on a prior arrest for a sex offense. He claims that the designation is incorrect because the sex offense charges were dismissed in 2010. He alleges that the "R suffix" designation prevents him from earning good time credits and receiving other privileges. Petitioner's other claim is that his attorney in a prior case provided ineffective assistance. In that case, he was arrested in Los Angeles County for receiving stolen goods in 2010, he was convicted, and her received a two-year

---

[1] Petitioner has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 4.)

sentence.[2]  Petitioner also argues that his attorney's employer and the State Bar of California are "liable" for his attorney's deficient performance.

A petition for a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court of a state which contains two or more federal judicial districts may be filed in either the district of confinement or the district of conviction.  *See* 28 U.S.C. § 2241(d).  Each of such districts shall have concurrent jurisdiction to entertain the petition; however, the district court for the district where the petition is filed may transfer the petition to the other district in the furtherance of justice.  *See id.*  Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction.  *See Dannenberg v. Ingle*, 831 F. Supp. 767, 768 (N.D. Cal. 1993); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968).  If the petition is directed to the manner in which a sentence is being executed, e.g., if it involves parole or time credits claims, the district of confinement is the preferable forum.  *See* Habeas L.R. 2254-3(b)(2); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).

Petitioner's first claim is directed to the manner in which his sentence is being executed insofar as he claims he is being denied time credits because of his "R suffix" designation.  The proper venue for such a claim is the district in which he is confined, the Central District of California.  *See* 28 U.S.C. § 84(c) (San Luis Obispo County lies within the venue of the Central District of California).  Petitioner's second claim challenges a conviction from Los Angeles County, and the proper venue for such a claim is the district of his conviction, also the Central District of California.  *See id.* (Los Angeles County lies within the venue of the Central District of California).

Accordingly, in the interest of justice, this case is TRANSFERRED to the United States District Court for the Central District of California.  In light of this transfer, ruling on Petitioner's application to proceed in forma pauperis and motion for appointment of

---

[2] He completed that sentence in 2012. He is currently incarcerated based on a different conviction in 2012 for burglary.

counsel are deferred to the Central District.  The Clerk shall terminate these motions from this Court's docket (docket numbers 2, 6), and shall transfer this matter forthwith.

**IT IS SO ORDERED.**

Dated: July 28, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE